CHASEZ, Judge.
This is a suit by Camille J. Rocquin against Robert Roussel for the sum of $222.94 on an open account. The record discloses that the defendant, Robert Rous-sel, admits the obligation sued for by the plaintiff, Mr. Rocquin, but claims by re-conventional demand that the plaintiff is indebted to him for various deliveries of sand in the sum of $635.00; and deducting from this sum the amount sued for by plaintiff there is due and owing to defendant a balance of $412.06.
A considerable amount of -the testimony taken in the case covers various transactions between the parties for the delivery of sand by Roussel to Rocquin. Mr. Rous-sel, by reconventional demand, particularly alleges that “Camille J. Rocquin (plaintiff) ordered, and defendant delivered and spread, an additional 770 yards of sand at an agreed price of $1.00 per yard” on the property of plaintiff; and it is this item that is the center of the dispute between the parties.
Mr. Rocquin, while admitting various transactions for delivery of sand to him by Mr. Roussel, contends that all sums due and owing by him for such purchases were paid, he specifically denies in his evidence, however, that he ever ordered or received delivery of the 770 yards of sand above referred to, claiming that this alleged shipment of sand was never sent to him by Mr. Roussel, and that he was never billed for same until the suit was filed herein on May 24, 1961.
At the trial, the only evidence produced by Mr. Roussel regarding the alleged shipment of the 770 yards of sand in dispute was the oral testimony of his secretary and himself and this testimony indicated that said sand was ordered by Maurice Roc-quin, a son of the plaintiff, Mr. Camille J. Rocquin. Plaintiff’s son was not present at the trial and therefore was not available for evidence.
The District Judge stated that in his opinion the defendant, plaintiff in recon-vention, had proved his claim against the plaintiff and defendant in reconvention for ■the sum of $635.00 subject to a credit of $222.94, together with legal interest thereon from date of judicial demand until paid, and rendered a judgment accordingly. In his reasons for judgment, the District Judge stated:
“The plaintiff, while admitting that his son was engaged with him in the *102 business and in the transactions involving tl ie sand purchase or fill for lots, and further admitting that his son initiated the agreement with the defendant, denied that his son had ordered or received this particular quantity of sand. Mr. Rocquin was well aware of the fact that the 770 yards of sand which he denies having ordered, received or having been billed for was the basis of the reconventional demand because it is specifically set forth therein. Yet in spite of these facts he failed to produce his son as a witness. The Court can only presume, then, that his testimony would have been adverse to the plaintiff and would have supported the testimony of defendant and his secretary.”
Upon the rendition of the judgment in this matter, counsel for plaintiff filed a rule for a new trial and directed the Court’s attention to the fact that:
“Because, since the trial of this cause, plaintiff has discovered new evidence important to the cause, which he could not, with due diligence, have obtained before, namely:
“The reconventional demand of defendant for the alleged additional 770 yards of sand was based upon allegations made by defendant that Camille J. Rocquin, plaintiff herein, ordered said additional sand; that at the trial of this cause, the said Camille J. Roc-quin denied having ordered said 770 yards of sand but defendant attempted to prove that said sand was ordered by Maurice Rocquin, plaintiff’s son, rather than plaintiff; that subsequent to the trial of said cause, Camille J. Rocquin interrogated his son and ascertained that the said Maurice Roc-quin did not order the alleged additional 770 yards of sand as claimed by defendant; that the said Maurice Roc-quin will testify that he did not order the said additional 770 yards of sand; and that the reasons for judgment rendered by this Honorable Court recite the fact that since plaintiff failed to produce his son as a witness, the Court can only presume that his testimony would have been adverse to plaintiff, and on that basis awarded judgment in favor of defendant.”
The District Judge refused the application for a new trial, stating that this attempt of the plaintiff to secure evidence of his son as newly discovered evidence should not prevail.
In view of the fact that Mr. Roussel could not establish delivery of this sand by dray receipts or by any documents signed by Mr. Rocquin (claiming all of his records were stolen), and in view of the fact that the plaintiff's son, Mr. Maurice Rocquin, was absent on the day of trial when the state of the pleadings did not indicate his presence and evidence would be necessary, and the further fact that from this absence the inference was drawn by the District Judge that his testimony would have been adverse to the plaintiff and would have supported the testimony of defendant and his secretary; and in view of the fact that plaintiff contends that the evidence of his son would cause a reversal of the Court’s judgment, it is the judgment of the Court in the interest of justice that the judgment rendered herein in favor of the defendant and plaintiff in reconvention, Mr. Robert Roussel, and against the plaintiff and defendant in reconvention, Mr. Camille J. Rocquin, be reversed and set aside, the case remanded and a new trial had so as to allow the parties herein to take the evidence of Mr. Maurice Rocquin and any other witnesses as may be necessary to enable the Court to render judgment herein.
It is so ordered:
Costs of this appeal to be paid by defendant-appellee ; all other costs to await a final determination of the matter.
Reversed and remanded for new trial.